MICHAEL L. FRADIN (SBN 0091739)
mike@fradinlaw.com
LAW OFFICE OF MICHAEL L. FRADIN
8 N. Court St. Suite 403
Athens, Ohio 45701
Telephone: 847/986-5889
Facsimile: 847/673-1228

# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO EASTERN DIVISION

| | |
|---|---|
| Christian Emory,<br><br>*On behalf of himself and all others similarly situated*<br><br>                    Plaintiffs<br><br>    *v.*<br><br>Ampler Burgers, LLC<br>c/o<br>C T Corporation System<br>999 Bryan St., Suite 900<br>Dallas, TX 75201<br><br>And<br><br>Ampler Burgers Ohio, LLC<br>c/o<br>C T Corporation System<br>440 Easton Commons Way<br>Suite 125<br>Columbus, OH 43219 | Case No. ----------<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1. **The Fair Labor Standards Act (29 U.S.C. §§ 201-219);**<br><br>DEMAND FOR JURY TRIAL<br><br>Judge -------<br>Magistrate Judge ------ |

1

## COLLECTIVE ACTION COMPLAINT

Plaintiff Christian Emory, by and through his attorney, Michael L. Fradin, brings this action individually and as a putative representative for a collective action under Section 16 of the Fair Labor Standards Act, 29 U.S.C. §216. Plaintiff alleges and complains against the above-named Defendants as follows:

### INTRODUCTION

1. This is an action brought by Christian Emory, individually and as a putative representative for a collective action, against Defendants for unpaid wages and overtime pursuant to the Fair Labor Standards Act, 29 U.S.C.§ 201, *et seq*. Plaintiff was not exempt from the protections of the FLSA and were non-exempt hourly employees. Plaintiff and the putative class members were subject to the same policy in which they worked off the clock if the labor to sales ratio exceeded 22% during the day and 18% at night.

### JURISDICTION AND VENUE

2. Jurisdiction in this case is based on 28 U.S.C. §§ 1331 and 1337. This action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. This is the proper venue pursuant to 28 U.S.C. §1391(b)(2).

### PARTIES

3. Christian Emory (hereafter "Emory") is an adult individual. At all times material herein, Emory was employed by Defendants in the position of a shift leader

4. Emory brings this action collectively for all persons who, from three years prior to the filing of this complaint, were employed by Defendants as store managers at their Midas store locations. Emory's 216(B) Consent form is attached as exhibit A.

2

5. Defendants have control over the wage policies related to Plaintiff and the putative class members and are responsible for or have control or decision-making authority over wages paid to and hours worked by the Plaintiff and the putative class members.

## FACTS COMMON TO ALL CLAIMS

6. Plaintiff repeats the allegations set forth above in paragraphs 1 through 5 and incorporates them herein by reference.

7. From approximately December, 2019 through February, 2020, Mr. Emory was a dedicated employee of Defendants and worked over 40 hours per week for Defendants as a shift leader at their Burger King location in Zanesville, Ohio.

8. During the time period from at least three years prior to the filing of this suit, other persons meeting the definition of putative class members, numbering approximately 200, were employed by Defendants. Those persons were often required to work, and often did work, over 40 hours per week for Defendants without being paid for those hours.

9. Furthermore, Plaintiff and the other store managers were required to work, or often do work, off-the-clock when the labor to sales ratio becomes too high.

10. Plaintiff and the other shift leaders were required to monitor the labor to sales ration in real time.

11. Plaintiff and the putative class members were also required to pay for items and repairs which in many cases caused an illegal reduction in overtime pay.

12. For example, Plaintiff paid out-of-pocket for a tool for the fryer and to fix the restaurant's sink.

13. As a result of these illegal wage practices, Plaintiff and the other shift leaders were not ever paid overtime (i.e. time and a half pay rate).

## COLLECTIVE ACTION ALLEGATIONS

14. Plaintiff repeats the allegations set forth above in paragraphs 1 through 13 and incorporates them herein by reference.

15. Plaintiff brings this action not only for himself but as representative for a collective action on behalf of all persons employed as a shift leader at any of Defendants' Burger King locations at any time during the period from 3 years of the date of filing this complaint and who meet the definition of putative class members set forth above.

16. Plaintiff is similarly situated to those persons and will prosecute this action vigorously on their behalf.

17. Plaintiff, through counsel, will request under 29 U.S.C. Section 216 for this Court to notify all of those persons to allow them to opt-in to this proceeding to be subject to this court's decision, or that of the fact finder, on the right to the wages and overtime described above.

## OVERTIME VIOLATION
### Fair Labor Standards Act ("FLSA")

18. Plaintiff repeats the allegations set forth above in paragraphs 1 through 17 and incorporates them herein by reference.

19. Defendants are an employer covered by the overtime requirements set forth in the Fair Labor Standards Act ("FLSA").

20. Plaintiff and other shift leaders work or worked in excess of the maximum weekly hours permitted under the FLSA but were not paid overtime for those excess hours and had to "kickback" overtime pay to pay for business expenses.

4

21. Throughout Plaintiff's employment, Defendants have known that this method of compensation or lack thereof was illegal. Defendants have also known that it is required to pay hourly wages to Plaintiff and other shift leaders for all hours worked over forty. Defendants have also known that it is required to pay overtime at the rate of time and a half to store managers for hours worked in any week. Despite such knowledge, Defendants have willfully withheld and failed to pay the wages and overtime compensation to which shift leaders are entitled.

22. Pursuant to the FLSA, Plaintiff and the putative class members are entitled to compensation for the unpaid overtime at a rate of one-and-one-half times their hourly wage. Because the Defendants' failure to pay overtime was willful pursuant to 28 U.S.C. § 255(a), Plaintiff and the putative class members are entitled to these wages, in addition to liquidated damages, dating back three years.

23. The exact amount of overtime compensation that Defendants have failed to pay the Plaintiff and other shift leaders is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants. Similarly, the identity of the other putative class members is unknown at this time but is known to Defendants and is set forth in Defendants' records.

24. The FLSA requires employers to make, keep, and preserve records of the wages, hours, and other conditions and practices of employment, and to preserve such records. Plaintiffs are entitled to review their records of hours worked to determine the exact amount of overtime wages owed by Defendants and to immediately identify the putative class members who have a right to join this collective action.

25. Defendants' failure to pay Plaintiff and the putative class members at the lawful overtime rates is not based on good faith or reasonable grounds or a belief that such

failure was not in violation of the FLSA. Therefore, pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to liquidated damages in an amount equal to the compensation and/or overtime which they have not been paid.

26. Plaintiff has been required to file this action as the result of the Defendants' actions in failing to pay him proper compensation. As such, Plaintiff is entitled to attorney fees and costs incurred pursuant to 28 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff requests judgment against Defendants as follows:

I. Awarding Plaintiff and the FLSA Class unpaid wages including overtime wages as to be determined at trial together with any liquidated damages allowed by law;

II. Awarding Plaintiff and the FLSA Class their reasonable costs and attorney fees necessarily incurred herein; and

III. Awarding Plaintiff and the FLSA Class such other and further relief as the Court deems just and proper.

*DEMAND FOR JURY TRIAL*

Respectfully submitted,
s/ *Michael L. Fradin*
Attorney for Plaintiff (0091739)

LAW OFFICE OF MICHAEL L. FRADIN
Michael L. Fradin, Esq.
8 N. Court St. Suite 403
Athens, Ohio 45701
Telephone: 847-986-5889
Facsimile: 847-673-1228
Email: mike@fradinlaw.com