**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**Christian Emory,** *on behalf of
himself and all others similarly
situated,*

              **Plaintiff,**

    **v.**

**Ampler Burgers, LLC,** *et al.,*

              **Defendants.**

**Case No. 2:20-cv-4133**

**Judge Michael H. Watson**

**Magistrate Judge Vascura**

## OPINION AND ORDER

Christian Emory ("Representative Plaintiff") sued Ampler Burgers Ohio,

LLC ("Defendant") for unpaid overtime wages and other relief under the Fair

Labor Standards Act ("FLSA") and analogous state laws.  Second Amend.

Compl., ECF No. 29.  Representative Plaintiff alleged that Defendant failed to

properly pay Representative Plaintiff and similarly situated inside sales

representatives for overtime hours worked for a variety of reasons. *Id.* The

parties have settled Plaintiffs' FLSA claims, have dismissed the state law claims,

and move for approval of their settlement agreement.  Mot., ECF No. 46  The

Court has not yet conditionally certified a class. *See generally*, docket.

"As a general rule, employees' claims under the FLSA are non-waivable

and may not be settled without supervision of either the Secretary of Labor or a

district court." *Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 WL

2532922, at *2 (S.D. Ohio June 24, 2011) (citing *Lynn's Food Stores, Inc. v.*

*United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982)).  To approve a settlement agreement, a court must conclude that it is a "fair, reasonable, and adequate" resolution of a bona fide legal dispute.  *Int'l Union, United Auto, Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (discussing a class action settlement under Federal Rule of Civil Procedure 23); *see also Vigna v. Emery Fed. Credit Union*, No. 1:15-cv-51, 2016 WL 7034237, at \*3 (S.D. Ohio Dec. 2, 2016) (applying the same analysis to an FLSA settlement).  Factors relevant to this determination include: (1) the risk of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the plaintiff's likelihood of success on the merits; and (5) the public interest in settlement.  *Clevenger v. JMC Mech., Inc.*, No. 2:15-cv-2639, 2015 WL 12681645, at \*1 (S.D. Ohio Sept. 25, 2015) (citation omitted).  "The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Gentrup,* 2011 WL 2532922, at \*3 (citation omitted).  Additionally, the Court must separately assess the reasonableness of any proposed award of attorneys' fees and costs, even when they are negotiated as part of the settlement.  *Vigna*, 2016 WL 7034237, at \*4.

After a careful review of the proposed settlement agreement, the Court finds that the settlement agreement is a fair, reasonable, and adequate resolution of a bona fide legal dispute between the parties.

There is a bona fide dispute in this case, as the parties dispute, *inter alia*, whether Defendant required Plaintiffs to perform work off-the clock.  There is no indication that the settlement was reached by anything other than arms' length negotiations between counsel.  The settlement will avoid expensive litigation for both sides, including class certification motions, remaining discovery, dispositive motions, trial, and possible appeals.  Further, the parties represent that they engaged in significant discovery and, therefore, have had the opportunity to consider their respective likelihoods of success.

The parties represent that the total settlement amount reflects almost 60% of alleged unpaid wages and a not-insignificant percentage of possible liquidated damages.  The exact amount of each payment will be calculated on an individual basis.  Representative Plaintiff will receive a $5,000 service award in addition to his individual payment.

Both these payments are reasonable.  *See Vigna*, 2016 WL 7034237, at *2–4 (approving a settlement that represented approximately 55% of allegedly owed wages); *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003) (observing that "[n]umerous courts" have found that service awards are "efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class").  Moreover, attorney's fees in the amount of $107,500.00—representing approximately 32% of the total settlement amount—is reasonable.  *See Hebert v. Chesapeake Operating, Inc.*, No. 2:17-CV-852, 2019 WL 4574509, at *8 (S.D. Ohio Sept. 20, 2019) ("33% is typical for

attorney's fees in common fund, FLSA collective actions in this District.").

Counsel's request for $10,693.00 in litigation costs is also reasonable.[1]

The parties' joint motion, ECF No. 46, is **GRANTED**, including its request

for attorney's fees and costs, to settle Plaintiffs' FLSA claims. The settlement

agreement and proposed notice and claim forms are **APPROVED**. The Court

**DISMISSES** the case **WITH PREJUDICE** but retains jurisdiction to enforce the

terms of the settlement agreement. The Clerk is **DIRECTED** to close the case.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] Although the motion requests $10,623.94 in costs, the Settlement Agreement represents that the costs were $10,693.00. *See* Mot. 23, ECF No. 46; Settlement Agreement ¶ 6.h., ECF No. 46-2. The Court uses the figure from the Settlement Agreement.